UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **EMMANUEL AGBARA**, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 19-cv-2945 (TSC) |
| **EVELYN ONYENYI OKOJI**, **NIGERIAN CATHOLIC COMMUNITY AT ST. JEROME CATHOLIC CHURCH**, **CHARLES EDEH**, and **KINSLEY KELECHI OGIDEH**, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Emmanuel Agbara brings this action against his former wife Evelyn O. Okoji, the Nigerian Catholic Community at St. Jerome Catholic Church ("Church"), Reverend Father Charles Edeh, and Kinsley Kelechi Ogideh. Agbara claims that because of his former wife's alleged involvement with lay members of the Church, he suffered loss of privacy, property damage to his home, and emotional distress. ECF No. 1, Compl. ¶¶ 25, 30, 35, 41. The Church and Rev. Edeh move to dismiss this action for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(2), and for failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the court will GRANT the motion, ECF No. 37, but not for the reasons offered by these Defendants.

### A. Background

Agbara's claims center around events leading up to his contentious divorce from Okoji, who was a member of the Church. Compl. ¶ 81. Agbara alleges that Rev. Edeh

"facilitated" a "relationship" between Okoji and defendants Kinsley Ogideh and Livinity Okparaeke, both church members.[1]  *Id.* ¶¶ 28, 79.  Ogideh, who was the church's choir director, allegedly used his "power and influence" to seduce Okoji.  *Id.* ¶¶ 92-93.  Rev. Edeh purportedly assigned Okparaeke to provide marriage counseling to Okoji, even though Okparaeke had no professional training in that field.  *Id.* ¶ 78.  Agbara contends that Rev. Edeh was negligent in failing to supervise Okparaeke and this lack of supervision was a "material factor" in the relationship that later developed between Okoji and Okparaeke.  *Id.* ¶¶ 84-85.  Agbara alleges that Okoji became pregnant, after which Rev. Edeh, Ogideh, and Okparaeke "collectively or individually coerced" Okoji to terminate the pregnancy.  *Id.* ¶ 96.  Agbara asserts that the termination occurred at his "family home," and "destroyed plaintiff's furniture and other properties."  *Id.* at ¶¶ 79, 84.  Specifically, he appears to allege damage to a carpet, a mattress, and the edge of a wall.  Id. ¶ 98-101, 104.

Agbara further alleges that around the time of his divorce, the three individual Defendants coerced Okoji to "hack" his cellular telephone account.  *Id.* ¶¶ 34, 40, 97.  Okoji purportedly proceeded to unlawfully obtain private information from his cellular telephone carrier and later disclosed that information to third parties and used the information against him in their divorce proceedings.  *Id.* ¶¶ 15, 18, 24, 97 113-15.

Agbara brings claims for emotional distress and negligence against the Church and Rev. Edeh (collectively the "Church") for assigning Okparaeke as a marriage counselor, failing to supervise him, causing the destruction of Agbara's "non-marital" property, and for invading

---

[1] This court dismissed Okparaeke for lack of personal jurisdiction.  ECF No. 18.  Ogideh has yet to appear.

Agbara's privacy by hacking his cellular account. *Id*. ¶¶ 30, 116-19; ECF No. 43, Pls. Resp. at 24, 26. The Church has moved to dismiss.

### B. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) for failure to state a claim "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). In deciding a Rule 12(b)(6) motion, the court may consider "any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

To establish personal jurisdiction over a defendant not physically present in the forum, the defendant typically must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). "Because this 'personal jurisdiction requirement recognizes and protects an individual liberty interest,' however, like other individual rights it may be waived–-for example, if the defendant agrees 'to submit to the jurisdiction of a given court.'" *Creighton Ltd. v. Gov't of Qatar*, 181 F.3d 118, 125 (D.C. Cir. 1999) (quoting *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites,* 456 U.S. 694, 702, 704 (1982)).

## C.  ANALYSIS

The Church seeks dismissal on two grounds: lack of personal jurisdiction and failure to state a claim upon which relief may be granted.  The court finds that although the dismissal is not warranted for lack of personal jurisdiction, Agbara fails to state a viable claim for relief.

1. <u>Personal Jurisdiction</u>

In their first responsive pleading, the Church moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim.  ECF No. 11.  Almost one month later, Okparaeke filed an answer to the complaint challenging personal jurisdiction, and the court subsequently dismissed him from the suit.  ECF Nos. 15; 18.  The Church then filed an Amended Motion to Dismiss and raised a personal jurisdiction challenge, arguing that this court cannot exercise personal jurisdiction over it because the alleged events occurred in Maryland and because the Church does not have the requisite contacts with the District of Columbia.  ECF No. 20, Mot. to Dismiss at 3-4.

The court denied the Church's first motion to dismiss as moot and denied the amended motion to dismiss without prejudice because the Church raised arguments in the reply brief that were not raised in its primary brief and also appeared to abandon arguments raised in the primary brief.  3/12/2020 Minute Order.  Moreover, the reply did not address Agbara's argument that the Church waived personal jurisdiction by failing to raise it in its initial motion to dismiss.  *Id*.  Nonetheless, the court allowed the Church to file an amended motion to dismiss.  *Id*.  Almost a year after filing their first responsive pleading, and over nine months after filing their first amended responsive pleading, the Church filed a second motion to dismiss, which is at issue here.

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a claim for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Rule 12(h) cautions, however, that a defendant waives its right to assert personal jurisdiction as a defense where it was available, but fails to raise it in its first responsive pleading. Fed. R. Civ. P. 12(h)(1) ("a party waives any defense listed in Rule 12(b)(2) . . . by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)); Fed. R. Civ. P. 12(g)(2) (a "party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). There is no waiver, however, if the defense is raised in a responsive pleading later amended "by Rule 15(a)(1) *as a matter of course.*" Fed. R. Civ. P. 12(h)(1)(B) (emphasis added). Rule 15(a)(1) allows a party to "amend its pleading once as a matter of course within . . 21 days after serving" the initial pleading. Fed. R. Civ. P. 15(a). Reading Rule 12 and Rule 15 together, a party waives its right to assert a defense of lack of personal jurisdiction unless it is raised in the first responsive pleading or in an amended pleading made as a matter of course. Agbara argues the Church waived its personal jurisdiction defense because it did not raise it in its first responsive pleading.

The Church argues that it has not waived its right to assert this defense because the court invited it to file a second amended motion to dismiss. *See* ECF No. 37. The Church points out that Rule 15 allows amendment of original pleadings and that leave to amend should be freely given. *Id*. at 5. Relying on subsection (b)(2) of Rule 15, the Church argues that when the court dismissed its previous motions and invited it to file a second amended motion to dismiss, the court was granting the Church leave to amend its original pleading, thereby preserving its right to assert a personal jurisdiction defense. *Id*. at 6. In support of this position, the Church cites *Chase v. Pan-Pacific Broadcasting, Inc*, 750 F.2d 131 (D.C. Cir. 1984), in which the D.C.

Circuit noted that "Rule 15(a) allows a party to "amend his pleading once as a matter of course' and, after the opening round, on leave of court 'freely given when justice so requires.'" *See* ECF No. 37 at 5-6.

  The court is not persuaded by the Church's argument.  As an initial matter, the court did not give the Church permission to raise the personal jurisdiction defense in its second amended motion.  Rather, it allowed the Church to file a second amended motion because the Church's pleadings were confusing: it filed an amended motion adding the personal jurisdiction defense—without leave of court—more than twenty-one days after its original motion, failed to address Plaintiff's argument that it had waived the defense, and then filed a reply brief that abandoned some previously raised arguments, while simultaneously raising additional arguments.  *See* 3/12/2020 Minute Order.  The court's forbearance in allowing Defendants an opportunity to file a coherent single amended responsive pleading cannot be interpreted as granting the Church permission to raise previously waived arguments, but was rather an attempt to promote judicial efficiency.

  More importantly, this court does not have the authority to allow the Church to resurrect a waived personal jurisdiction defense.  Rule 12(h) allows a party to amend their answer without waiver or penalty if filed pursuant to Rule 15 subsection (a)(1), which only allows an amendment "as of right" if filed within twenty-one days of the original pleading.  C. Wright & A. Miller, *Fed, Prac. & Proc.* § 1391 (3rd ed. 2021).  Rule 12(h) does not allow an amended pleading without penalty if filed pursuant to subsection (a)(2), which permits an amendment upon motion or agreement of the opposing party.  Thus, Rule 12(h) "denies the court discretion to grant leave to amend in the case of the defenses [such as lack of personal jurisdiction] enumerated in Rule 12(b)(2) through Rule 12(b)(5)." *Id*. at § 1394; *see id*. at § 1391 (noting that defenses such as

lack of personal jurisdiction "are waived if they are not included in a preliminary motion under Rule 12 as required by Rule 12(g) or, if no such motion is made, they are not included in the responsive pleading or an amendment as of right to that pleading under Rule 15(a).").

The Church did not assert a lack of personal jurisdiction defense in its first responsive pleading or in an amended pleading "as of right," made within twenty-one days after its initial pleading. Instead, it raised the defense in amended pleadings filed more than twenty-one days after the initial pleading. Accordingly, it waived the defense and the Church's reliance on *Chase v. Pan-Pac. Broad., Inc.*, 750 F.2d 131 (D.C. Cir. 1984) is unavailing. That case involved defendants who asserted a timely personal jurisdiction defense in their answer, and the issue was whether the defense was waived when defendants also asserted a crossclaim in their answer. Moreover, in quoting the opinion, the Church ignored the court's admonishment that the purpose of Rule 12(h), "is to assure that a defense of lack of jurisdiction over the person is asserted promptly. It provides that the defense is waived if it is neither made by pre-answer motion nor included in . . . an amendment thereto *made within twenty days*." *Id*. at 132 (emphasis added). Therefore, dismissal for lack of personal jurisdiction is not appropriate here.

2. Invasion of Privacy Claim

Although the Church did not address the issue, the court will dismiss the invasion of privacy claim because Agbara did not assert facts connecting the Church with the unauthorized "hacking" of his cellular telephone account. Agbara attached to his Complaint what appears to be a document from his cellular telephone carrier, former defendant AT&T,[2]

---

[2] The court dismissed AT&T as a defendant without prejudice, ordering Agbara to arbitration. *See* 10/25/2019 Minute Order; ECF Nos. 24, 25.

disclosing the results of an investigation into Agbara's complaint that someone accessed his account without his consent. Compl. at Ex. 1, ECF p. 5. AT&T stated that Agbara's "passcode was changed on 03/16/2018 by a caller who identified herself as the account holder's spouse. The caller was able to verify information in order to authenticate themselves as an authorized party." *Id*. Thus, while he asserts facts connecting Okoji with the alleged invasion of his privacy, he has asserted no facts connecting the Church to the alleged invasion. Federal Rule of Civil Procedure Rule 8(a) requires a "short and plain" recitation of *facts* supporting a plaintiff's claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks and citation omitted). Plaintiff has alleged no facts meeting the Rule 8 pleading requirement as to the Church on the invasion of privacy claim and, therefore, the court will dismiss the claim without prejudice.

3. Negligence Claim

Under Maryland law, "[t]o establish a cause of action in negligence a plaintiff must prove the existence of four elements: a duty owed to him (or to a class of which he is a part), a breach of that duty, a legally cognizable causal relationship between the breach of duty and the harm suffered, and damages." *Jacques v. First Nat'l Bank*, 307 Md. 527, 531, 515 A.2d 756, 758 (1986) (citing *Cramer v. Housing Opportunities Comm'n*, 304 Md. 705, 712, 501 A.2d 35 (1985)). The Church argues that Agbara's negligence claim fails because he has not pleaded facts establishing that it owed him a duty. The Church points out that Agbara never asserts he was a member of the church and thus any duty was owed to Okoji, not Agbara.

Agbara does not dispute that he was not a member of the church; indeed, he repeatedly alleges that Okparaeke provided pastoral care and/or counseling solely to Okoji. ECF No. 45, Pls. Aff. ¶¶ 4, 7, 26-27, 31, 33; Pls. Resp. at 3 (alleging "Okoji went to church alone."). But he argues that the absence of a special relationship is not fatal to his claims because:

> [u]nder the legal entity concept, a wrong to a marriage, is a wrong to the legal entity, and each member of the legal entity, husband or wife, is individually wronged and each has a right of action in tort against in both Maryland and the District of Columbia . . . Adultery is certainly a wrong against the legal entity of marriage, and constitutes a basis for an action in tory against the tortfeasors.

Pls. Resp. at 6; *see id*. at 5, 8.[3] Agbara argues that under the "legal entity concept," marriage is a single unit and "the wrong done (to one member) is individual to both the husband and to the wife, and a right of action against the wrongdoers should be in each of them." Pls. Resp. at 5. The only case Agbara cites in support of this argument is a District of Columbia case and, because Maryland law applies, not dispositive. *See Hitaffer v. Argone Co.,* 183 F.2d 811, 818 (overruled on other grounds by *Smither & Co. v. Coles*, 242 F.2d 220 (D.C. Cir. 1957) (discussing loss of consortium claim).

Moreover, the court is unable to find Maryland case law endorsing or adopting the "legal entity concept." Indeed, Maryland law provides precisely the opposite: it does not recognize a tort based on injury to a marital relationship. In *Gasper v. Lighthouse, Inc.*, 533

---

[3] Defendant argued that Maryland law applies in this case because the District of Columbia's choice of law rules require that in a diversity action the court consider the laws of the jurisdiction where the injury, contact, domicile, and relationship occurred. Defs. Reply at 8. (citing *Felton v. Harris Design & Constr. Co.*, 417 F. Supp. 2d. 17, 21-22 n. 3 (D.D.C. 2006)). Although Plaintiff mentions the District of Columbia, where he currently resides, he does not dispute that Maryland law applies.

A.2d 1358 (1987), the court considered the viability of a martial relations tort where the plaintiff and his wife divorced after the wife's affair with a licensed counselor who had provided marriage counseling to the couple. The plaintiff sued the counselor under a negligence theory for interfering with the marital relationship and sued the counselor's employer for failure to supervise. *Id*. at 1359-60. The court rejected the marital relations tort, finding that in 1945 the Maryland legislature abolished the action for "alienation of affection." *Id.* at 1359. Accordingly, the plaintiff could not indirectly pursue a claim for damage to his martial relationship by couching it as a negligence claim: "[o]ne cannot sue to recover for injuries arising from 'defilement of the marriage bed' or from an interference with the marriage by simply casting the defendant's conduct as a breach of contract, or negligence, or some other intentional tort." *Id*. at 1360 (citations omitted).

The *Gasper* court explained, however, that abolishment of the "alienation of affection" action "does not preclude a person from maintaining a traditional breach of contract action or a recognized tort action merely because the breach arose from an improper liaison with the plaintiff's spouse or because one effect of the alleged breach or tortious conduct was a disruption or break of his or her marriage." *Id*. at 1360. Agbara has not pleaded facts which might meet this standard. *See, e.g.*, *Figueiredo-Torres v. Nickel*, 584 A.2d 69, 72-74 (Md. 1991) (allowing husband to bring claim for professional negligence against former couple's therapist). The court will therefore grant the Church's motion to dismiss as to the negligence claims relating to alleged damage to Agbara's marriage.[4]

---

[4] Agbara's property damage claim fails because has not alleged facts establishing the Church caused the damage or that the damage was a foreseeable result of the Church's conduct. *See Troxel v. Iguana Cantina*, LLC, 29 A.3d 1038, 1049-50 (Md. 2011) (successful negligence

4. Emotional Distress

Agbara claims that the Church's negligence caused him emotional distress. But again, Maryland law is a bar to this claim, in Maryland, "[u]nintended emotional distress negligently inflicted by conduct not itself tortious is not a recognized tort." *Lapides v. Trabbic*, 758 A.2d 1114, 1121 (2000) (citing *Hamilton v. Ford Motor Credit Co.,* 502 A.2d 1057, *cert. denied,* 306 Md. 118, 507 A.2d 631 (1986)). Accordingly, the court will dismiss this claim with prejudice.

### D. CONCLUSION

For the reasons set forth above, by separate order, the court will GRANT the Church's amended motion to dismiss.

Date:  October 22, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

claims require showing that the defendant is the proximate cause of a foreseeable loss resulting from a breach of duty).